IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN HALL, # 152747, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DONALD VALENZA, et al., )<br>)<br>Respondents. ) | CASE NO. 1:21-cv-398-WKW-JTA<br>(WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the Court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 by which Jonathan Hall seeks his release from the Houston County Jail, where he was incarcerated after he violated the rules of his community corrections.[1] Doc. No. 1. Respondents argue that events occurring after Hall filed his petition have rendered his claims for habeas relief moot. Doc. No. 10. As discussed below, the Court agrees.[2]

### I.   BACKGROUND

On June 8, 2020, Hall pled guilty in the Houston County Circuit Court to the offense of obstruction of justice, in violation of ALA. CODE § 13A-8-194. Doc. No. 10-3 at 1; Doc. No. 10-5. That same day, Hall was sentenced to three years' imprisonment, with the

---

[1] Hall filed this action on a form designated as a petition for habeas corpus relief under 28 U.S.C. § 2241. Because he challenges the constitutionality of his incarceration pursuant to a sentence imposed upon by the Circuit Court of Houston County, his petition was construed as one filed under 28 U.S.C. § 2254.

[2] Respondents also argue that Hall's claims are unexhausted. However, because the mootness issue is dispositive, the Court does not address the question of exhaustion.

sentence suspended for a three-year term of probation.[3] Doc. No. 10-1 at 2; Doc. No. 10-4.

On November 12, 2020, the probation office moved to revoke Hall's probation on the grounds he had committed new criminal offenses, specifically, possessing drug paraphernalia and a synthetic controlled substance. Doc. Nos. 10-18, 10-19. On December 16, 2020, following a revocation hearing, the trial court revoked Hall's probation and ordered that he serve his sentence in the Houston County Community Corrections program. Doc. No. 10-20.

On February 8, 2021, the community corrections program filed a delinquency report alleging that Hall had violated the rules of his community corrections by possessing and using controlled substances. Doc. No. 10-9. On that same date, the trial court ordered that Hall be placed in the Houston County Jail for 90 days and that he complete "the Haven," a drug-treatment program, before returning to community corrections. *Id*.

In his federal habeas petition, which Hall mailed on May 24, 2021, and this Court received on June 3, 2021, Hall stated he had yet to be evaluated for placement in the Haven and argued he was being held in the Houston County Jail beyond the 90-day period ordered by the trial court, and that he should be allowed to return to community corrections or be released from state custody. Doc. No. 1.

On May 25, 2021, the day after he filed his federal habeas petition, Hall, through counsel, filed a motion with the trial court stating he had not yet been evaluated for

---

[3] Hall did not appeal his conviction and sentence.

placement in the Haven and asking the trial court to order that such evaluation take place so he could complete the drug-treatment program and return to community corrections. Doc. No. 10-13. On June 1, 2021, the trial court ordered that Hall be evaluated for admission to the Haven and that he be returned to the Houston County Jail upon completing the drug-treatment program. Doc. No. 10-14.

Hall was subsequently admitted to the Haven, and he completed his treatment there on September 2, 2021, whereupon he was returned to the Houston County Jail to await readmission to community corrections. Doc. No. 10-15.

On November 3, 2021, the Alabama Department of Corrections issued an order stating that Hall was to be released from state custody on December 26, 2021, because on that date he would complete his sentence for his 2020 obstruction-of-justice conviction. Doc. No. 10-23. On December 26, 2021, Hall was released from the Houston County Jail (and from state custody) because his sentence expired. Doc. No. 10-24.

## II.  DISCUSSION

In his habeas petition, Hall claimed he was being held in the Houston County Jail beyond the 90-day period ordered by the trial court in February 2020 and that he should be allowed to return to community corrections or be released from state custody. Doc. No. 1. As Respondents have correctly argued, events occurring after Hall filed his petition have rendered his claims for habeas relief moot.

The relief Hall sought in filing his § 2254 petition was release from the Houston County Jail and return to community corrections, or release from state custody altogether. Because Hall's sentence for his 2020 obstruction-of-justice conviction has expired and he

3

is no longer in custody under that sentence, the issues presented by his petition are no longer alive. The best-case scenario for Hall, were he to obtain habeas relief, was a return to community corrections or complete release from state custody. His sentence has now expired. Therefore, a favorable decision on the merits of his claims could not entitle him to any additional relief.

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *See Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987); *United States ex rel. Graham v. United States Parole Comm'n*, 732 F2d 849, 850 (11th Cir. 1984). Because Hall has been released from state custody, there is no longer a controversy to litigate through his § 2254 petition. Therefore, his claims for relief have been rendered moot.

Release from custody often moots a habeas petition, depriving the court of a case or controversy to resolve. *See Lane v. Williams*, 455 U.S. 624, 632 (1982). However, a petitioner who faces future collateral consequences because of the challenged conviction does not have a moot petition. *Carafas v. Lavalle*, 391 U.S. 234, 237–38 (1968) (where a petitioner seeks to challenge the validity of his underlying conviction, he can often satisfy the case-or-controversy requirement of Article III of the Constitution by showing that the conviction affects his ability to vote, engage in certain businesses, serve as juror, or hold public office). The court will not presume collateral consequences where only the sentence, and not the conviction, is being attacked—such as in this case, where Hall challenged his continued incarceration in the Houston County Jail. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998) (release from prison mooted habeas action challenging probation revocation where

4

petitioner failed to show collateral consequences connected to revocation); *see Lane*, 455 U.S. at 632 (where prisoner only challenges his sentence, and not his conviction, the doctrine of *Carafas* does not apply).

"*Spencer* counsels a cautious approach to the presumption of collateral consequences," requiring a petitioner to affirmatively allege and demonstrate such consequences. *Beachem v. Schriro*, 141 F.3d 1292, 1294 (8th Cir. 1998) (citing *Spencer*, 523 U.S. at 9–14). Hall asserts no collateral consequences resulting from incarnation in the Houston County Jail. Because Hall has been released from his sentence, there is no longer a controversy to litigate through his § 2254 petition. Therefore, his petition should be dismissed as moot.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition for habeas corpus relief be DISMISSED AS MOOT since a more favorable decision on the merits would not entitle Hall to any additional relief.

It is further

ORDERED that by **January 5, 2022**, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the

right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of December, 2022.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE